UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Misty Meier, *on behalf of her minor child G.C-M.* and Jane Doe, *individually and on behalf of all other similarly situated*,

    Plaintiffs,

v.

Netgain Technology, LLC,

    Defendant.

Case No. 21-cv-1210 (SRN/LIB)

**ORDER**

---

Susan M. Reichert, *on behalf of herself individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

Netgain Technology, LLC,

    Defendant.

Case No. 21-cv-1300 (SRN/LIB)

**ORDER**

---

Mark Kalling, *on behalf of himself individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

Netgain Technology, LLC,

    Defendant.

Case No. 21-cv-1368 (SRN/LIB)

**ORDER**

---

Sherman Moore, *on behalf of himself and all others similarly situated,*

Case No. 21-cv-1421 (SRN/LIB)

|  |  |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Netgain Technology, LLC, | |
| Defendant. | |

|  |  |
|---|---|
| Robert Smithburg, *individually and on behalf of all others similarly situated,* et al. | Case No. 21-cv-1622 (SRN/LIB) |
| Plaintiffs, | |
| v. | **ORDER** |
| Netgain Technology, LLC, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Plaintiffs' "Joint Motion Unopposed by Defendant for Consolidation of Related Actions," [Docket No. 16], and Plaintiffs' "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)." [Docket No. 29].[1] The Court took Plaintiffs' Motions under advisement on the written submissions. (Order [Docket No. 28]).

For the reasons discussed herein, Plaintiffs' "Joint Motion Unopposed by Defendant for Consolidation of Related Actions," [Docket No. 16], is **GRANTED**, and Plaintiffs' "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)," [Docket No. 29], is **GRANTED**.

---

[1] Plaintiffs also filed a "Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)," [Docket No. 22]; however, this earlier Motion, [Docket No. 22], is completed subsumed by Plaintiffs' "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)." [Docket No. 29]. Plaintiffs' "Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)," [Docket No. 22], is therefore moot, and it will be termed as such.

**I.     Background**

Plaintiffs in each of the above captioned cases brought a purported class action against Defendant Netgain Technology, LLC based on Defendant's alleged failure to secure and safeguard confidential, personally identifiable information, as well as, personal health information from hundreds of thousands of consumers.[2] Defendant provided cloud-enabled IT solutions and managed services for business entities, including healthcare providers and accounting companies.

Plaintiffs' Complaints allege that in late September 2020 an unauthorized third party gained access to Defendant's digital environment. Through this unauthorized access the third party was able to gain access to and exfiltrate files and records from Defendant's customers, including businesses of which Plaintiffs were customers. Using the exfiltrated-data an unidentified third party launched a ransomware attack against Defendant, which allegedly resulted in Defendant paying an undisclosed amount of money to the third party in exchange for assurances that the third party would delete all data obtained and the data would not be disclosed. Plaintiffs further allege that Defendant failed to timely or adequately notify its customers of the data breach by the unauthorized third party.

As a result of the alleged data breach, Plaintiffs aver that they have suffered irreparable harm which cannot be sufficiently ameliorated by simple credit monitoring alone. Included

---

[2] In Meier v. Netgain Technology, LLC, 21-cv-1210 (SRN/LIB), Plaintiffs Misty Meier and Jane Doe are represented by the law firms of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, and Lockridge Grindal Nauen PLLP. In Reichert v. Netgain Technology, LLC, 21-cv-1300 (SRN/LIB), Plaintiff Susan Reichert is represented by the law firms of Hellmuth & Johnson; Chestnut Cambronne PA; and Markovits, Stock & DeMarco, LLC. In Kalling v. Netgain Technology, LLC, 21-cv-1368 (SRN/LIB), Plaintiff Mark Kalling is represented by the law firms of Gustafson Gluek PLLC, and Migliaccio and Rathod LLP. In Moore v. Netgain Technology, LLC, 21-cv-1421 (SRN/LIB), Plaintiff Sherman Moore is represented by the law firm of Zimmerman Reed, LLP. In Smithburg v. Netgain Technology, LLC, 21-cv-1622 (SRN/LIB), Plaintiffs Robert Smithburg, Thomas Lindsay, and Robin Guertin are represented by the law firm of Turke & Strauss LLP.

among these alleged harms are Plaintiffs' allegations that they are subject to an increased risk of identity theft requiring additional security measures to minimize the risk of identity theft.

On the basis of the allegations in their Complaints, Plaintiffs each raise a substantially similar negligence claim against Defendant. On the basis of these same allegations, some of the Plaintiffs also raise claims for violations of various state consumer protection laws, breach of contract, trespass to chattels, unjust enrichment, and negligence per se. Plaintiffs also each seek to represent a national class of similarly situated individuals who were similarly harmed by Defendant, and several Plaintiffs wish to represent different subclasses of similarly situated individuals based on violations of state consumer protection laws.

Plaintiffs have now filed a Joint Motion to Consolidate Cases, [Docket No. 16], in which they seek to have the above caption cases consolidated into a single consolidated action for all purposes. They further seek to have all later-filed, related cases consolidated into the consolidated action.[3]

On July 30, 2021, Plaintiffs filed their "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)." [Docket No. 29]. At least one Plaintiff's attorney from each of the above captioned cases signed Plaintiffs' "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)." [Docket No. 29].

---

[3] Although it seeks to have all the above captioned actions consolidated into a single consolidated action, the Joint Motion to Consolidate does not actual reference Smithburg v. Netgain Technology, LLC, 21-cv-1622 (SRN/LIB), because the Joint Motion to Consolidate was filed before the Smithburg action was filed. Nevertheless, the record makes clear that Plaintiffs, including the Plaintiffs in Smithburg, seek to have all of the above captioned actions, including the Smithburg action, consolidated into one single consolidated action.

II.     **Plaintiffs' "Joint Motion Unopposed by Defendant for Consolidation of Related Actions." [Docket No. 16].**

Through their Motion to consolidate, Plaintiffs seeks an Order of this Court consolidating all of the above captioned actions, as well as, any later-filed, related action into a single consolidated action. Plaintiffs also seek to extend all deadlines for Defendant to file a responsive pleading until after Plaintiffs have filed a Consolidated Complaint. Although Defendant has not responded to the present Motion to consolidate, Plaintiffs' counsel affirmatively represents that Defendant "stated during the meet and confer that it does not oppose consolidation of the Netgain Data Breach Actions under Fed. R. Civ. P. 42(a)." (Meet and Confer Statement [Docket No. 19]).

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order consolidation of pending actions involving common questions of law or fact to avoid unnecessary costs or delay. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994); Fratzke v. IC System, Inc., No. 5-cv-1115 (JRT/RLE), 2007 WL 1114155, at *2 (D. Minn. Apr. 13, 2007). In considering consolidation, the Court should thoughtfully weigh:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 405 (D. Minn. 1998) (quoting Cantrell v. GAF, 999 F.2d 1007, 1011 (6th Cir.1993)); see, Kramer v. Boeing Co., 134 F.R.D. 256, 258 (D. Minn. 1991). Consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

In the present case, the Court's consideration of the relevant factors, including the agreement of all parties on the issue of consolidation, finds that the factors weigh in favor of consolidating the above captioned actions into one singe consolidated action (hereinafter the "Consolidated Action"). First, it does not appear that any party will suffer prejudice because of this consolidation, and all parties, including Defendant, have in fact agreed to consolidation. Second, the above captioned actions all patently contained common questions of law and fact. Specifically, Plaintiffs all raise negligence claims based on the same alleged data breach, and Defendant's response thereto. Further, the Plaintiffs who raise claims in addition to the negligence claim, such as claims for violations of various state consumer protection laws, base those claims on the same underlying action or lack of action by Defendant.

Therefore, the above captioned actions will be consolidated into one Consolidated Action. As the first filed action, 21-cv-1210 (SRN/LIB), will be the lead case, and it will bear the case caption: "<u>In re: Netgain Technology, LLC, Consumer Data Breach Litigation</u>, 21-cv-1210 (SRN/LIB)." The Plaintiffs from each of the above captioned actions, as well as, their respective attorneys will be added to the present case.[4] All future orders, pleadings, motions, and other documents in the present action will be filed in the Consolidated Action. The actions of <u>Reichert v. Netgain Technology, LLC</u>, 21-cv-1300 (SRN/LIB); <u>Kalling v. Netgain Technology, LLC</u>, 21-cv-1368 (SRN/LIB); <u>Moore v. Netgain Technology, LLC</u>, 21-cv-1421 (SRN/LIB); and <u>Smithburg v. Netgain Technology, LLC</u>, 21-cv-1622 (SRN/LIB), will be administrative closed.[5] Any later-filed, related action, in which the Plaintiff or Plaintiffs agree to consolidation, will be consolidated into the Consolidated Action.

---

[4] Any attorney who has already received permission to proceed pro hac vice in any of the above captioned actions may continue to appear pro hac vice in the Consolidated Action. Such an attorney need not submit another application to proceed pro hac vice.

[5] With the consolidation of the present actions and the filing of a Consolidated Complaint, no additional materials need be filed in any action other than the Consolidated Action.

Plaintiffs' counsel will be permitted a reasonable time to file a Consolidate Complaint. Defendant's time to file a responsive pleading is extended to thirty (30) days after Plaintiffs file their Consolidated Complaint.

### III. Plaintiffs' "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)." [Docket No. 29].

As noted above, each Plaintiff seeks to represent not only herself or himself but also a class of similarly situated persons. This request for an eventual class action will continue in the Consolidated Complaint. No such class has been certified.

Rule 23 of the Federal Rules of Civil Procedure governs class actions. See, Fed. R. Civ. P. 23. Pursuant to Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). This appointment of interim counsel can take several forms, including the appointment of lead or co-lead counsel; the appointment of lead counsel with liaison counsel; the appointment of lead counsel with the concurrent appointment of an executive committee; or any combination thereof as determined to be necessary in the Court's discretion. See, e.g., Peterson v. Agri Stats, Inc., 19-cv-1129 (JRT/HB), Order [Docket No. 68] (D. Minn. Aug. 6, 2019); In re: Resideo Technologies, Inc. Securities Litigation, 19-cv-2863 (WMW/KMM), Order [Docket No. 38] (D. Minn. Jan. 27, 2020); In re: DPP Beef Litigation, 20-cv-1319 (JRT/HB), Order [Docket No. 71] (D. Minn. Sept. 4, 2020); In re: Pork Antitrust Litigation, 18-cv-1776 (JRT/HB), Orders [Docket Nos. 149, 150, 151] (D. Minn. Oct. 15, 2018). Whether or not to appoint interim counsel and the structure of said interim counsel are both decisions within the Court's discretion; however, in cases where all plaintiffs agree to the appointment and structure of counsel, Court often acquiesce to the decision of the parties, absent some finding of unfairness or inefficiency. See, e.g., Peterson v. Agri Stats, Inc., 19-cv-1129 (JRT/HB), Order [Docket No. 68] (D. Minn. Aug.

7

6, 2019); In re: Resideo Technologies, Inc. Securities Litigation, 19-cv-2863 (WMW/KMM), Order [Docket No. 38] (D. Minn. Jan. 27, 2020); In re: DPP Beef Litigation, 20-cv-1319 (JRT/HB), Order [Docket No. 71] (D. Minn. Sept. 4, 2020); In re: Pork Antitrust Litigation, 18-cv-1776 (JRT/HB), Orders [Docket Nos. 149, 150, 151] (D. Minn. Oct. 15, 2018).

In the present case, all Plaintiffs have agreed on the proposed appointment of counsel, including the appointment of interim co-lead counsel with the concurrent appointment of an interim executive committee. Specifically, Plaintiffs seek to appoint Gayle M. Blatt, Bryan L. Bleichner, and Brian C. Gudmundson as interim co-lead counsel. Plaintiffs also seek to appoint an Executive Committee comprised of Kate Baxter-Kauf, as Chair of the Executive Committee; Nathan D. Prosser; Terence R. Coates; David Goodwin; Nicholas A. Migliaccio; and Raina C. Borrelli. Plaintiffs have also agreed upon the respective duties of proposed, interim counsel. See, Fed. R. Civ. P. 23(g)(4).

The Court concludes that interim co-lead counsel and the interim Executive Committee counsel should be appointed as agreed upon by Plaintiffs in order to achieve efficiency and economy in what is likely to be expensive and complicated litigation, while not jeopardizing fairness to the parties.[6] The Courts review of Plaintiffs' submitted materials finds that interim co-lead counsel and the counsel compromising the interim Executive Committee are sufficiently well-credentialed and experiences to fairly and adequately represent the interest of the putative class in the present case.

Thus, Plaintiffs' "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)," [Docket No. 29], is **GRANTED**.

---

[6] Assuming solely for the sake of this footnote that a class is certified in the present case, neither the appointment of interim co-lead counsel nor the appointment of an interim Executive Committee guarantees that the same counsel or counsel structure will be utilized as class counsel.

**IV.    Conclusion**

Therefore, for the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' "Joint Motion Unopposed by Defendant for Consolidation of Related Actions," [Docket No. 16], is **GRANTED**, as set forth herein;

2. The actions of <u>Meier v. Netgain Technology, LLC</u>, 21-cv-1210 (SRN/LIB); <u>Reichert v. Netgain Technology, LLC</u>, 21-cv-1300 (SRN/LIB); <u>Kalling v. Netgain Technology, LLC</u>, 21-cv-1368 (SRN/LIB); <u>Moore v. Netgain Technology, LLC</u>, 21-cv-1421 (SRN/LIB); and <u>Smithburg v. Netgain Technology, LLC</u>, 21-cv-1622 (SRN/LIB), are consolidated for pretrial and trial purposes before the Honorable Susan Richard Nelson, District Court Judge for the District of Minnesota, and the undersigned Magistrate Judge;

3. The first filed action, 21-cv-1210 (SRN/LIB), shall serve as the interim lead case of this Consolidated Action;

4. All future filings for these related proceedings shall be filed in this Consolidated Action and they shall bear the case caption: "<u>In re: Netgain Technology, LLC, Consumer Data Breach Litigation</u>, 21-cv-1210 (SRN/LIB)."

5. All future filings shall be filed in this lead Consolidated Action and shall be considered filed in the relevant related case—filings should not be separately docked in the related cases and all previous filings in the related cases need not be re-filed in the Consolidated Action;

6. The Clerk of Court is directed to add all Plaintiffs and their attorneys of record from the related cases to the lead Consolidated Action—all pro hac vice admissions in the related cases are valid for the lead Consolidated Action;

7. The Clerk of Court is directed to administratively close <u>Reichert v. Netgain Technology, LLC</u>, 21-cv-1300 (SRN/LIB); <u>Kalling v. Netgain Technology, LLC</u>, 21-cv-1368 (SRN/LIB); <u>Moore v. Netgain Technology, LLC</u>, 21-cv-1421 (SRN/LIB); and <u>Smithburg v. Netgain Technology, LLC</u>, 21-cv-1622 (SRN/LIB);

8. Any later-filed, related action, in which the Plaintiff or Plaintiffs agree to consolidation, will be consolidated into the Consolidated Action.

9. As soon as practicable and in any event by no later than thirty (30) days from the date of the present Order, Plaintiffs shall file their Consolidated Complaint;

10. As soon as practicable after the filing of Plaintiffs' Consolidated Complaint and in any event by no later than thirty (30) days after the filing of Plaintiffs' Consolidated Complaint, Defendant shall file its responsive pleading to the Consolidated Complaint;

11. Plaintiffs' "Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)," [Docket No. 22], is **TERMED as moot**;

12. Plaintiffs' "Amended Joint Motion to Appoint Interim Co-lead Counsel and Executive Committee Counsel Under Fed. R. Civ. P. 23(g)(3)," [Docket No. 29], is **GRANTED**, as set forth herein;

13. Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield, LLP), Bryan L. Bleichner (Chestnut Cambronne PA), and Brian C. Gudmundson (Zimmerman Reed LLP), are appointed as Interim Co-Lead Counsel.

14. The Court appoints Interim Executive Committee composed of Kate Baxter-Kauf (Lockridge Grindal Nauen PLLP), as Chair of the Interim Executive Committee; Nathan D. Prosser (Hellmuth & Johnson PLLC); Terence R. Coates (Markovits, Stock & DeMarco, LLC); David Goodwin (Gustafson Gluek PLLC); Nicholas A. Migliaccio (Migliaccio & Rathod LLP); and Raina C. Borrelli (Turke & Strauss LLP);

15. Interim Co-Lead Counsel shall assume responsibility for the following duties:

    A. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

    B. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

    C. Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

    D. Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

    E. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency; and

    F. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court;

16. Any discussions of a settlement of this litigation shall be conducted by Interim Co-lead Counsel and any counsel designated by Interim Co-lead Counsel;

17. This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions;

18. Interim Co-lead Counsel must promptly serve a copy of this Order and all future orders on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Co-lead Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for CM/ECF; and

19. The Interim Executive Committee Counsel shall assist Interim Co-Lead Counsel as directed by Interim Co-Lead Counsel.

Dated: August 24, 2021

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE