UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: NETGAIN TECHNOLOGY, LLC, CONSUMER DATA BREACH LITIGATION | Court File No. 21-cv-1210 (SRN/LIB)<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Brian C. Gudmundson, Michael J. Laird, and Rachel K. Tack, Zimmerman Reed LLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Bryan L. Bleichner, Christopher P. Renz, and Jeffrey D. Bores, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401; Gayle M. Blatt, Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, 110 Laurel Avenue, San Diego, CA 92101; Amanda M. Williams, Daniel E. Gustafson, and David A. Goodwin, Gustafson Gluek PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Anne T. Regan and Nathan D. Prosser, Hellmuth & Johnson PLLC, 8050 West 78th Street, Edina, MN 55439; Karen H. Riebel, Kate M. Baxter-Kauf, and Maureen K. Berg, Lockridge Grindal Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis MN 55401; Nicholas Migliaccio and Jason S. Rathod, Migliaccio & Rathod LLP, 412 H Street Northeast, Suite 302, Washington, DC 20002; Raina Borrelli, Strauss Borrelli PLLC, 980 N. Michigan Ave., Ste. 1610, Chicago, IL 60611; Terence Coates, Markovits, Stock & DeMarco, LLC, 119 East Court Street, Suite 500, Cincinnati, OH 45202; and Mickey L. Stevens, Dykema, 90 South Seventh St., Suite 4000, Minneapolis, MN 55402, for Plaintiffs.

R. Henry Pfutzenreuter, Christopher A. Young, Paul R. Smith, and Sarah D. Greening, Larkin Hoffman Daly & Lindgren Ltd., 8300 Norman Center Drive, Suite 1000, Minneapolis, MN 55437, for Defendant.

_____

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement [Doc. No. 122] between Plaintiffs Misty Meier (o.b.o. her minor child G.C-M.), Jane Doe, Susan M. Reichert, Robert Smithburg, Thomas Lindsay and Robin Guertin, for themselves and on behalf of the Settlement Class, and Defendant

1

Netgain Technology, LLC ("Netgain" or "Defendant") for consideration of whether the Settlement Agreement[1] reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[2] Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED**, and **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

(1)   The Court provisionally certifies the following Settlement Class:

All natural persons who are residents of the United States whose Personal Information was stored by Netgain Clients on Netgain servers, which was compromised in the Attacks, including all natural persons who are residents of the United States who were sent notice by a Netgain Client that their Personal Information may have been compromised in the Attacks.

Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Netgain, its subsidiaries, parent companies, successors, predecessors, and any entity in which Netgain or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

---

[1] The Settlement Agreement is attached as Exhibit A to the Declaration of Christopher P. Renz in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class action Settlement. That Settlement Agreement shall be referred to herein as the "Settlement."

[2]   Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

This Settlement Class is provisionally certified for purposes of settlement only.

(2) The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3) Plaintiffs Misty Meier (o.b.o. her minor child G.C-M.), Jane Doe, Susan M. Reichert, Robert Smithburg, Thomas Lindsay and Robin Guertin are designated and appointed as the Settlement Class Representatives.

(4) The following lawyers, who were previously appointed or whose firms were previously appointed by the Court as interim Co-lead Counsel, are designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Gayle Blatt, Christopher Renz, and Brian Gudmundson. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Proposed Settlement**

(5)     Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

(6)     A Final Approval Hearing shall take place before the Court on October 30, 2025, at 9:30 a.m. in Courtroom 7B before the Honorable Susan Richard Nelson, United States District Court Judge, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Class Action Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for Service Awards should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)     Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards 35 days before the Final Approval Hearing.  Objectors,

4

if any, shall file any response to Class Counsel's motions no later than 17 days prior to the Final Approval Hearing. By no later than 10 days prior to the Final Approval Hearing, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards shall be filed.

(8)    Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(9)    CPT Group, Inc. is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Claims Administrator as set forth in the Settlement. The Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Class

(10)    The Notice Program set forth in the Settlement, specifically the 45 day media campaign across multiple media channels, social media and news platforms, and targeting

characteristics of the Class, satisfies the requirements of Federal Rule of Civil Procedure 23 and due process and is approved.  The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement and to perform all other tasks that the Settlement requires.

(11)   The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Settlement and the Declaration of Julie Green:  (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

(12)   Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude itself to the Settlement Administrator, Class Counsel, and Netgain's counsel at the addresses provided in the Notice, postmarked no later than September 2, 2025 [75 days after the Notice Date] (the "Opt-Out Deadline") and sent via first class postage pre-paid United States mail.  The written notification must include the name of this Litigation (*In Re: Netgain Technology,*

*LLC, Consumer Data Breach Litigation*, Case No. 21-cv-1210 (SRN/LIB) (D. Minn.); the full name, address, and telephone number of the Settlement Class Member; the name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; and the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.  If the Settlement Class Member fails to provide all of the required information on or before the deadlines specified in the Settlement and fails to cure any deficiency within the time allowed in the Settlement, then its attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

(13)   All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement.  Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement.  If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders and judgments in this matter, the Settlement, including but not limited to the releases set forth in the Settlement, and the Final Approval Order and Judgment.

(14)   The Settlement Administrator shall provide the parties with copies of all opt-out notifications promptly upon receipt, and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the

Settlement, which Class Counsel may move to file under seal with the Court no later than ten (10) days prior to the Final Approval Hearing.

### Objections to the Settlement

(15)   A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

(16)   No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Netgain's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, which shall be September 2, 2025 [75 days after the Notice Date], as specified in the Notice. Objections shall not exceed twenty-five (25) pages. For the objection to be considered by the Court, the objection shall set forth:

    a.    the name of the Litigation (*In Re: Netgain Technology, LLC, Consumer Data Breach Litigation*, Case No. 21-cv-1210 (SRN/LIB) (D. Minn.));

    b.    the full name of the objector and the full name, address, email address, and telephone number of the person acting on its behalf;

    c.    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d.    whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

e. all grounds for the objection stated with specificity, accompanied by any legal support for the objection;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, Class Counsel's request for attorney's fees, costs, and expenses, or the application for Service Awards;

g. the identity of all representatives (including counsel representing the objector) who will appear at the Final Approval Hearing;

h. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

i. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

j. if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the

      objection should also include: (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

k.     any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

l.     a description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

m.     a statement identifying whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

n.     the objector's signature on the written objection (an attorney's signature is not sufficient).

(17)     In addition, any Settlement Class Member that objects to the proposed Settlement must make itself available to be deposed regarding the grounds for its objection and must provide along with its objection the dates when the objector will be available to

be deposed during the period from when the objection is filed through the date five days before the Final Approval Hearing.

(18)   Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved.  Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

### Claims Process and Distribution Plan

(19)   The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(20)   Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form.  If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

### **Termination of the Settlement and Use of this Order**

(21)   This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(22)   If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Netgain of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

### **Stay of Proceedings**

(23)   Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval

Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

(24)   The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions by Settlement Class Members

(25)   The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Netgain related to the Data Breach.

### Summary of Deadlines

(26)   The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this May 19, 2025 Order include but are not limited to the following:

- Notice Deadline:  June 19, 2025
- Objection and Opt-Out Deadline:  September 2, 2025
- Claims Deadline:  September 17, 2025
- Final Approval Hearing:  October 30, 2025
- Application for Attorneys' Fees, Expenses and Service Awards ("Fee Application"):  September 25, 2025

- Motion for Final Approval of the Settlement ("Final Approval Motion"): September 30, 2025

- Objectors', if any, Response to Final Approval Motion and Fee Application: October 13, 2025

- Replies in Support of Final Approval and Fee Motion:  October 20, 2025

IT IS SO ORDERED this 19th day of May, 2025.

<u>s/Susan Richard Nelson</u>
Susan Richard Nelson
United States District Court Judge
District of Minnesota