# UNITED STATES DISTRICT COURT
## District of Minnesota

IN RE: NETGAIN TECHNOLOGY, LLC,
CONSUMER DATA BREACH LITIGATION

**JUDGMENT IN A CIVIL CASE**

Case Number: 21-cv-01210-SRN-LIB

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. The Settlement is Approved and the Plaintiffs' Motion for Final Approval [Doc. No. 137] is GRANTED because it is fair, adequate, and reasonable.

2. This Court has jurisdiction over the subject matter of this litigation and over the parties to the Settlement Agreement, including all members of the Settlement Class and the Defendant.

3. The Court adopts and incorporates herein the findings made under Fed. R. Civ. P. 23 in its Preliminary Approval Order [Doc. No. 131].

4. The Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

5. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating complex class actions.

6. The following Class is finally certified under Rule 23(b)(3):

    a. All natural persons who are residents of the United States whose PII was stored by Netgain Clients on Netgain servers, which was compromised in the Attacks, including all natural persons who are residents of the United States who were sent notice by a Netgain Client that their PII may have been compromised in the

      Attacks.

   b. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; and (2) Netgain, its subsidiaries, parent companies, successors, predecessors, and entity in which Netgain or its parents have a controlling interest, and its current or former officers and directors.[2]

7. The Court hereby affirms its ruling in the Preliminary Approval Order appointing Gayle Blatt, Christopher Renz, and Brian Gudmundson as Class Counsel.

8. The Court hereby affirms its ruling in the Preliminary Approval Order certifying Plaintiffs Misty Meier (o.b.o. her minor child G.C-M.), Jane Doe, Susan M. Reichert, Robert Smithburg, Thomas Lindsay, and Robin Guertin as the Class Representatives.

9. The Settlement Fund, into which Defendant will deposit a total of $1,900,000 as detailed in the Settlement Agreement, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

10. This Court hereby dismisses on the merits and with prejudice all Claims in the Plaintiffs' action against Defendants, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

11. The Release in the Settlement Agreement is incorporated herein and the Class Members shall, by operation of law, be deemed to have released the Released Parties from the Released Claims. All entities who are Class Members (as defined in the Settlement Agreement) or who purport to assert claims on behalf of the Class Members are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

12. The Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Class Members had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement and Class Counsel's Motion for Payment of Attorneys' Fees,

Litigation Expenses, and Service Awards.

13. The Court finds the dissemination of the Notice given to the Settlement Class was the best notice practicable under the circumstances. It provided sufficient notice of the proceedings and of the matters set forth therein, including the proposed Settlement Agreement, to all persons entitled to such notice, and fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

14. No objections to the Settlement or to Plaintiffs' currently pending Motion for Payment of Attorney's Fees, Litigation Expenses, and Service Awards ("Plaintiffs' Fee Petition") have been filed.

15. As set forth in the Notice to the Settlement Class, the Court will rule on Named Plaintiffs' pending Fee Petition in a separate order.

16. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement proceeds.

17. Without affecting the finality of the Final Judgment in any way, this Court retains continuing exclusive jurisdiction over: (a) the consummation, administration, and implementation of the Settlement Agreement and any allocation or distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) any actions in this litigation until the Final Judgment has become effective and the parties have performed all agreed-upon acts under the Settlement Agreement; (e) any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with, the Settlement Agreement; (g) the enforcement of the Final Judgment; and (h) any suit, action, proceeding, or dispute arising out of or relating to the

Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

18. Defendant has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715.

19. The Settlement Administrator will proceed with disbursing the funds in the Settlement Fund in the order and in the amounts provided in the Court's separate Order concerning the Fee Petition as well as the Settlement Agreement.

20. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment consistent with this Order Granting Final Approval of Class Action Settlement, Certification of Settlement Class, and Order for Judgment forthwith.

Date: 11/4/2025					KATE M. FOGARTY, CLERK

---

[2]The Settlement Agreement also contained a provision to exclude the following from the Settlement Class: (1) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (2) the successors or assigns of any such excluded natural person.  Because no Opt-Outs were received during the applicable time period, these two excluded groups are moot.